UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. MIKE D. HENIG and HENIG FURS, INC.<br><br>Plaintiffs-Relators<br><br>v.<br><br>AMAZON.COM, INC., AMAZON FULFILLMENT SERVICES, INC., and AMAZON.COM SERVICES, LLC,<br><br>Defendants. | Case No. 1:19-cv-05673-ER<br><br>Hon. Edgardo Ramos<br><br>**ORAL ARGUMENT REQUESTED** |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS AMAZON.COM, INC., AMAZON FULFILLMENT SERVICES, INC., AND AMAZON.COM SERVICES, LLC'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

James E. Howard, *pro hac vice*
Erwin Reschke, *pro hac vice*
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
Tel: (206) 757-8064
jimhoward@dwt.com
erwinreschke@dwt.com

Sarah Anne Baugh
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Tel: (206) 757-8335
sarabaugh@dwt.com

David M. Gossett, *pro hac vice*
DAVIS WRIGHT TREMAINE LLP
1301 K Street NW, Ste. 500 East
Washington, DC 20005
Tel: (202) 973-4216
davidgossett@dwt.com

Glen Donath, *pro hac vice forthcoming*
Steve Nickelsburg, *pro hac vice forthcoming*
CLIFFORD CHANCE US LLP
2001 K Street N.W.
Washington, D.C. 20006
Tel: (202) 912-5138
glen.donath@cliffordchance.com
Steve.nickelsburg@cliffordchance.com

Sanaz Payandeh, *appearance forthcoming*
CLIFFORD CHANCE US LLP
Two Manhattan West
375 9th Avenue
New York, NY 1001
Tel: (212) 878-8076
sanaz.payandeh@cliffordchance.com

*Attorneys for Defendants Amazon.com, Inc.,*
*Amazon Fulfillment Services, Inc., and Amazon Services, LLC*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................................ ii
ARGUMENT .................................................................................................................................. 1
    A.    Plaintiffs Fail to Plead Scienter Adequately. ............................................................ 1
    B.    Plaintiffs Fail to Allege Amazon "Caused" the Submission of False Claims. ................................................................................................................... 5
    C.    Amazon's Provision of Fulfillment Services Does Not Constitute Avoidance Under the False Claims Act. ................................................................. 8
    D.    Plaintiffs Fail To Allege A False Claims Act Conspiracy Claim. ......................... 10
CONCLUSION ............................................................................................................................. 10

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Amazon Servs. LLC v. U.S. Dep't of Agric.*,
--- F.4th ---, 2024 WL 3546385 (D.C. Cir. July 26, 2024) ............................................. 1, 7, 8, 9

*Duran v. Henkel of Am., Inc.*,
450 F. Supp. 3d 337 (S.D.N.Y. 2020) ................................................................................. 3

*Kane ex rel. U.S. v. Healthfirst, Inc.*,
120 F. Supp. 3d 370 (S.D.N.Y. 2015) ................................................................................. 9

*Kusnier v. Virgin Galactic Holdings, Inc.*,
639 F. Supp. 3d 350 (E.D.N.Y. 2022) ................................................................................. 6

*Reyes v. Upfield US Inc.*,
694 F. Supp. 3d 408 (S.D.N.Y. 2023) ................................................................................. 2

*Rombach v. Chang*,
355 F.3d 164 (2d Cir. 2004) ................................................................................................ 4

*Ruotolo v. Fannie Mae*,
933 F. Supp. 2d 512 (S.D.N.Y. 2013) ............................................................................... 10

*Twitter, Inc. v. Taamneh*,
598 U.S. 471 (2023) ............................................................................................................ 6

*U.S. ex rel. Arnstein v. Teva Pharms USA, Inc.*,
2019 WL 1245656 (S.D.N.Y. Feb. 27, 2019) ...................................................................... 5

*U.S. ex rel. Calderon v. Carrington Mortg. Servs., LLC*,
70 F.4th 968 (7th Cir. 2023) ................................................................................................ 5

*U.S. ex rel. Compton v. Circle B. Enters., Inc.*,
2011 WL 382758 (M.D. Ga. Feb. 3, 2011) ....................................................................... 10

*U.S. ex rel. Ellsworth Assoc., LLP v. CVS Health Corp.*,
660 F. Supp. 3d 381 (E.D. Pa. 2023) ................................................................................... 7

*U.S. ex rel. Foreman v. AECOM*,
19 F.4th 85 (2d Cir. 2021) ................................................................................................... 9

*U.S. ex rel. Garbe v. Kmart Corp.*,
73 F. Supp. 3d 1002 (S.D. Ill. 2014) ................................................................................... 9

*U.S. ex rel. Grubea v. Rosicki, Rosicki & Assocs, P.C.*,
   318 F. Supp. 3d 680 (S.D.N.Y. 2018) ................................................................................. 2

*U.S. ex rel. Hart v. McKesson Corp.*,
   602 F. Supp. 3d 575 (S.D.N.Y. 2022) ................................................................................. 2

*U.S. ex rel. Heesch v. Diagnostic Physicians Grp., P.C.*,
   2014 WL 2154241 (S.D. Ala. May 22, 2014) ..................................................................... 9

*U.S. ex rel. Landis v. Tailwind Sports Co.*,
   51 F. Supp. 3d 9 (D.D.C. 2014) .......................................................................................... 7

*U.S. ex rel. Laystock v. Forest Lab'ys Inc.*,
   55 F. Supp. 3d 210 (D. Mass. 2014) ................................................................................. 10

*U.S. ex rel. McSherry v. SLSCO, L.P.*,
   2023 WL 6050202 (E.D.N.Y. Sept. 15, 2022) .................................................................... 2

*U.S. ex rel. Pervez v. Beth Israel Medical Center*,
   736 F. Supp. 2d 804 (S.D.N.Y. 2010) ................................................................................. 3

*U.S. ex rel. Schmidt v. Zimmer, Inc.*,
   386 F.3d 235 (3d Cir. 2004) ................................................................................................ 6

*U.S. ex rel. Taylor v. GMI USA Corp.*,
   2024 WL 307791 (S.D.N.Y. Jan. 24, 2024) ........................................................................ 8

*U.S. ex rel. Tran v. Comput. Scis. Corp.*,
   53 F. Supp. 3d 104 (D.D.C. 2014) ...................................................................................... 7

*U.S. ex rel. Univ. Loft Co. v. Blue Furniture Sols., LLC*,
   2018 WL 4494999 (W.D. Tex. Sept. 18, 2018) .................................................................. 8

*U.S. ex rel. Wallace v. Exactech Inc.*,
   2020 WL 4500493 (N.D. Ala. Aug. 5, 2020) ...................................................................... 9

*United States v. Bornstein*,
   423 U.S. 303 (1976) ............................................................................................................ 7

*United States v. Caremark, Inc.*,
   634 F.3d 808 (5th Cir. 2011) .............................................................................................. 9

*United States v. Krizek*,
   111 F.3d 934 (D.C. Cir. 1997) ........................................................................................ 4, 5

*United States v. President and Fellows of Harvard College*,
   323 F. Supp. 2d 151 (D. Ma. 2004) .................................................................................... 7

*United States v. Raymond & Whitcomb Co.*,
 53 F. Supp. 2d 436 (S.D.N.Y. 1999) ......................................................................................... 5

*Ward v. Doe # 3*,
 2023 WL 3025218 (W.D.N.Y. Apr. 20, 2023) ......................................................................... 4

**Federal Statutes**

Animal Health Protection Act, 7 U.S.C. § 109 ............................................................................. 7

False Claims Act, 31 U.S.C. §§ 3729-3733 ......................................................................... *passim*

Plant Protection Act, 7 U.S.C. § 7701 ........................................................................................... 7

**Rules**

Fed. R. Civ. P. 8 ........................................................................................................................ 5, 9

Fed. R. Civ. P. 9 .................................................................................................................. *passim*

Plaintiffs-Relators' Opposition (Opp. (ECF #75)) to Amazon's Motion to Dismiss (Mot. (ECF #71)) makes clear that Plaintiffs rely on a novel and untenable theory of False Claims Act liability, which no amount of additional pleading could fix. Nowhere do Plaintiffs allege facts plausibly suggesting Amazon falsified Customs Declarations, avoided paying tariffs or import fees owed to the government, or directed or induced third-party sellers to do so. Plaintiffs nevertheless contend that Amazon is liable for third-party sellers' actions because Amazon, while providing arms-length warehousing and fulfillment services *after* the sellers' goods cleared Customs, allegedly "*must have*" noticed two purported indicia of Customs fraud—low prices and the absence of certain accompanying Customs forms (even though such forms could be submitted online and are only required at time of entry to the U.S.). Under Plaintiffs' sweeping theory, any marketplace or logistics provider could be liable, directly or as a co-conspirator, anytime an independent seller improperly imports goods. Neither the False Claims Act, nor conspiracy law, sanctions such a radical expansion of liability. Indeed, the DC Circuit rejected a similar theory of liability against Amazon only two weeks ago. *See Amazon Servs. LLC v. U.S. Dep't of Agric.*, --- F.4th ---, 2024 WL 3546385, at *4 (D.C. Cir. July 26, 2024); *infra* at 7.

But even had Plaintiffs alleged a plausible theory of liability, they fall woefully short of making the specific allegations necessary to support their claim under Rule 9(b). They fail to allege scienter with particularity. And they fail to plead specific facts showing Amazon caused the submission of a false claim, avoided an obligation to pay, or conspired to violate the False Claims Act. And the exhibits to Plaintiffs' First Amended Complaint only further debunk their claims.

The Court accordingly should grant Amazon's motion to dismiss with prejudice.

### ARGUMENT

**A.     Plaintiffs Fail to Plead Scienter Adequately.**

Plaintiffs attempt to paper over their pleading failures, arguing that they do not have to

1

plead scienter with particularity and contending their allegations show: (1) Amazon's purported motive and opportunity to commit fraud; (2) "circumstantial evidence" of Amazon's knowledge; and (3) Amazon's deliberate ignorance or reckless disregard of certain third-party sellers' Customs fraud. Opp. 10-12. But the general and conclusory allegations on which Plaintiffs rely contain nothing more than generic descriptions of Amazon's business. These are insufficient to establish scienter under any pleading standard.

*First*, as Plaintiffs concede, Opp. 10, "the proponent of a False Claims Act claim must allege facts that give rise to a strong inference of fraudulent intent." *U.S. ex rel. Grubea v. Rosicki, Rosicki & Assocs., P.C.*, 318 F. Supp. 3d 680, 694 (S.D.N.Y. 2018) (cleaned up). Accordingly, courts routinely dismiss such claims where, as here, a plaintiff provides only generalized allegations of knowledge, unmoored to factual allegations supporting an inference of scienter. *See, e.g.*, *U.S. ex rel. Hart v. McKesson Corp.*, 602 F. Supp. 3d 575, 596 (S.D.N.Y. 2022) ("[I]dentifying a policy that plausibly violates a [law] and alleging that a defendant had a general awareness of the laws … is not enough to establish scienter."); *U.S. ex rel. McSherry v. SLSCO, L.P.*, 2023 WL 6050202, at *4 (E.D.N.Y. Sept. 15, 2022) ("Relators have not alleged specific statements or conduct [giving rise to the fraud] … and have therefore failed to plead … scienter.").

*Second*, Plaintiffs' general allegations as to Amazon's "motive" and "opportunity," Opp. 10, fail to establish scienter. As to motive, Plaintiffs point to a single, conclusory allegation that "by avoid[ing] inspection fees and tariffs," Amazon and its purported "Co-Conspirators" could "sell those furs for mutual profit." Opp. 16; Second Amended Complaint (SAC (ECF #63)) ¶ 64. But Plaintiffs allege no facts supporting an inference that Amazon profited when these sellers avoided fees they (not Amazon) owed to the government. SAC ¶ 64. Moreover, it is well established that "a company's general profit motive is insufficient to plead scienter." *Reyes v.*

2

*Upfield US Inc.*, 694 F. Supp. 3d 408, 430 (S.D.N.Y. 2023); *Duran v. Henkel of Am., Inc.*, 450 F. Supp. 3d 337, 354 (S.D.N.Y. 2020) (collecting cases). For "opportunity," Plaintiffs provide a cursory cite to generalized descriptions of Amazon's fulfillment services that take place after a shipment has cleared Customs, but articulate *no* link between Amazon and the third-party sellers' alleged fraud, much less an "opportunity" for Amazon itself to commit that fraud. SAC ¶¶ 59-60.

*Third*, Plaintiffs' "circumstantial evidence," Opp. 9-10, is no different than the "sweeping" and "unfounded assertion[s]" held inadequate in *U.S. ex rel. Pervez v. Beth Israel Medical Center*, 736 F. Supp. 2d 804, 814-15 (S.D.N.Y. 2010). There, the plaintiff alleged a medical center's auditor "must have" assisted with the Center's fraud because its audits "necessarily would have detected" it. The court found the plaintiff failed to plead knowledge because the complaint had no facts indicating "how or why an audit … necessarily would have uncovered the falsehoods at issue." *Id*. at 814. So too here: Nowhere do Plaintiffs allege any facts indicating "how or why" Amazon must have known third-party sellers were falsifying Customs forms or "necessarily would have uncovered the[se] falsehoods" while receiving, storing, or shipping the sellers' goods. *Id*.

Furthermore, Plaintiffs never challenge Amazon's explanation why the alleged "circumstantial evidence," even if true, fails to demonstrate Amazon's knowledge under *any* pleading standard. Mot. 18-20. They never dispute that Form 3-177 may be filed electronically; that the form need not accompany packages after being cleared for entry to the United States; or that furs may enter at non-designated ports. *Id*. at 3, 19 nn.8, 9. Plaintiffs likewise fail to contest that their own exhibits show furs they ordered were directly shipped to them by third-party sellers and never passed through an Amazon warehouse. *Id*. at 20 n.10.[1] Furthermore, they do not (and

---

[1] As Amazon explained, Mot. 10-11, the Court should not reward Plaintiffs' games by ignoring Plaintiffs' previous exhibits, which are fundamentally inconsistent with the SAC's allegations. Plaintiffs incorporated these by reference when they relied upon and quoted them in the SAC.

3

cannot) explain how unidentified Amazon warehouse employees handling countless products would know the fair market value of any given item in the warehouse, let alone specific fur items. *Id.* at 19. Nor do they allege facts suggesting warehouse workers know the sales prices of such items. Each of these gaps renders Plaintiffs' allegations implausible, yet Plaintiffs do not address them. Instead, they simply argue for a free pass to discovery. Opp. 10. That is contrary to the purpose of Rule 9(b), and the Court should not authorize such an obvious fishing expedition. *See Rombach v. Chang*, 355 F.3d 164, 176 (2d Cir. 2004) (pleading "that couples a factual statement with a conclusory allegation of fraudulent intent is insufficient" to show scienter) (cleaned up).

*Fourth*, Plaintiffs' argument that Amazon acted with "deliberate ignorance" or "reckless disregard," Opp. 11-13, similarly fails. Under either theory, Plaintiffs must allege Amazon was aware of a "substantial risk" that specific third-party sellers were avoiding tariffs and inspection fees, yet turned a blind eye. Opp. 12; Mot. 21. Here, Plaintiffs point to the same general allegations that third-party packages pass through Amazon's warehouses, and that Amazon employees somehow must have known that some packages: (a) omitted Form 3-177; (b) passed through unapproved ports; or (c) listed fur prices below market value. Opp. 12 (citing SAC ¶¶ 45-65). But these allegations fail to plead "deliberate ignorance" and "reckless disregard" for the same reason they fail to plead circumstantial evidence of scienter: they are conclusory, devoid of any factual support, and premised on an incorrect understanding of what Customs law requires and what warehouse workers processing a high volume of packages would be expected to observe.

Nor do the cases Plaintiffs cite, Opp. 13, advance their argument. In *United States v. Krizek*,

---

*Compare* SAC ¶¶ 66-76, *with* ECF No. 37, Exs. 35-37, 39, 41-43, 46. Plaintiffs only abandoned the exhibits in response to Amazon's Pre-Motion Dismissal Letter, ECF No. 58. This "blatant effort to change [Plaintiffs'] statement of the facts" makes it appropriate to consider these exhibits now. *Ward v. Doe # 3*, 2023 WL 3025218, at *1 n.1 (W.D.N.Y. Apr. 20, 2023).

the D.C. Circuit affirmed the district court's determination that the defendant had acted with "reckless disregard" because the defendant had the duty to submit accurate bills yet delegated this duty to his wife without reviewing her submissions. 111 F.3d 934, 942 (D.C. Cir. 1997). And in *United States v. Raymond & Whitcomb Co.*, the court rejected the defendant's argument that it lacked scienter as a matter of law because it claimed to have relied on the expertise of third parties it hired to submit claims on its behalf. 53 F. Supp. 2d 436, 447 (S.D.N.Y. 1999). Critically, in both *Krizek* and *Raymond*, the defendants delegated *their own* legal responsibilities to third parties. *See id.* (finding defendant's delegation imposed a duty to investigate). Here, in contrast, Plaintiffs do not and cannot allege Amazon had *any* duties with respect to Customs compliance, nor that Amazon ever delegated any such duties. In fact, Plaintiffs exhibits show Amazon, instead, repeatedly reminded third-party sellers it was *their* responsibility "to comply with all import and export laws." ECF No. 37, Ex. 14. In short, Plaintiffs' allegations provide no plausible basis to conclude Amazon had reason to know of, let alone recklessly disregarded, the alleged fraud of a few third-party sellers. Their unsupported theory thus fails under either Rules 9(b) or Rule 8.

### B. Plaintiffs Fail to Allege Amazon "Caused" the Submission of False Claims.

Plaintiffs also fail to plead causation. To state a claim that Amazon caused the submission of false claims, Plaintiffs must show Amazon's conduct was a "substantial factor" in bringing about another's false claims, and that such claims were foreseeable. *U.S. ex rel. Arnstein v. Teva Pharms USA, Inc.*, 2019 WL 1245656, at *25-26 (S.D.N.Y. Feb. 27, 2019); *see also U.S. ex rel. Calderon v. Carrington Mortg. Servs., LLC*, 70 F.4th 968, 978-79 (7th Cir. 2023) (must show "actual and proximate cause"); Mot. 12-13. Plaintiffs contend they have done so, arguing that because Amazon provides fulfillment services *after* third-party sellers import their goods, it is a "vector for false claims." Opp. 7-8. Whatever that might mean, it is insufficient to plead causation.

As an initial matter, the allegations to which Plaintiffs point—SAC ¶¶ 62-63—fail to allege

5

that Amazon was the actual or proximate cause under any standard, let alone with Rule 9(b) particularity. *See* Mot. 12-16. While Plaintiffs assert Amazon took "an active and critical role at almost every step," Opp. 7, they point to no allegation in the SAC detailing what this "active and critical role" might be. Plaintiffs do not allege Amazon directed third-party sellers to falsify Customs forms or avoid designated ports, that Amazon provided false information, or that Amazon submitted false claims for these sellers.[2] In fact, Plaintiffs nowhere identify any specific Amazon conduct that caused these sellers to make false statements, or even when Amazon's supposed involvement occurred, despite alleging the sellers' fraud took place over an 18-year period.[3] *Cf. Twitter, Inc. v. Taamneh*, 598 U.S. 471, 499 (2023) ("[T]hat bad actors … are able to use platforms like defendants' for illegal … ends" does not create culpability because service providers are not culpable "merely for providing their services to the public writ large.").

At bottom, Plaintiffs' argument is that Amazon *must have* at some point become aware of some instance of third-party seller customs fraud and nonetheless continued to make its fulfillment services generally available. Opp. 8; SAC ¶ 83. But the SAC does not adequately plead such awareness. *See* Part A *supra*. And even if it did, mere awareness is not causation. *See U.S. ex rel. Schmidt v. Zimmer, Inc.*, 386 F.3d 235, 245 (3d Cir. 2004) ("mere awareness that another may, or even has, chosen to make a false claim does not alone constitute causing a false claim to be presented.") (cleaned up); Mot. 12-13. Plaintiffs are required to plead more because "too broad an interpretation of the 'causes to be presented' language in the [False Claims Act] would impose

---

[2] Plaintiffs' FAC exhibits indicate that the named third-party sellers did not use Amazon's warehouse or shipping services at all, let alone before the import process was complete. *See* Mot 4-5; ECF No. 37, Exs. 15, 35-36, 39, 46.

[3] Plaintiffs' allegations that the scheme occurred over an 18-year period provide another reason to dismiss or narrow Plaintiffs' claims. Mot. 24 n.11. Contrary to Plaintiffs' assertion, Opp. 20, Amazon articulated this argument and it is thus preserved. *Kusnier v. Virgin Galactic Holdings, Inc.*, 639 F. Supp. 3d 350, 369 (E.D.N.Y. 2022) (argument developed in footnote not waived).

6

liability … for failing to prevent the fraudulent acts of others," *U.S. ex rel. Landis v. Tailwind Sports Co.*, 51 F. Supp. 3d 9, 50 (D.D.C. 2014), and the Act "does not penalize [a defendant] for what [another defendant] did." *United States v. Bornstein*, 423 U.S. 303, 312 (1976).

Indeed, the DC Circuit just rejected an expanded theory of causation nearly identical to what the Plaintiffs argue here. In *Amazon Services*, the government alleged Amazon "aided, abetted, caused, or induced" a seller's violation of the Plant Protection Act and the Animal Health Protection Act where the seller listed its products on Amazon and actually used Amazon's fulfillment services to ship those products to customers. 2024 WL 3546385, at *1. The court rejected this broad view and, relying on traditional concepts of common law, held that Amazon could not be liable absent "consciously" and "culpably" participating in the seller's wrongdoing, and that there was no such evidence. *Id.* at *4. The same reasoning applies here.

By contrast, the cases Plaintiffs cite do not help them. In both *Tran* and *CVS Health Corp.*, the relators' complaints included particularized allegations about each defendant's intentional role in the scheme. *See U.S. ex rel. Tran v. Comput. Scis. Corp.*, 53 F. Supp. 3d 104, 127 (D.D.C. 2014) (complaint included quotes from defendant's employee stating goal was to assist in scheme that defendant itself suggested); *U.S. ex rel. Ellsworth Assoc., LLP v. CVS Health Corp.*, 660 F. Supp. 3d 381, 405 (E.D. Pa. 2023) (alleged defendant participation by refusing to restock drugs, reporting false codes, and following directives to avoid detection). By contrast, the SAC includes no specific allegations regarding Amazon's intentional role in the alleged scheme. Plaintiffs also rely on *U.S. v. President and Fellows of Harvard College*. Opp. 8. But there the court held that the government *failed to prove causation* because—just as here—there was no evidence the defendant participated in the claims-submission process. 323 F. Supp. 2d 151, 187-88 (D. Ma. 2004) ("even if [defendant] … should have known about the claims process," a failure to prevent submission of

7

false claims did not constitute causation). The same reasoning dooms Plaintiffs' case here.

Plaintiffs also fail to provide any meaningful explanation as to how they meet the pleading requirements articulated in the only two cases that have addressed reverse FCA claims for customs fraud, *U.S. ex rel. Taylor v. GMI USA Corp.*, 2024 WL 307791 (S.D.N.Y. Jan. 24, 2024), and *U.S. ex rel. Univ. Loft Co. v. Blue Furniture Sols., LLC*, 2018 WL 4494999 (W.D. Tex. Sept. 18, 2018). *See* Opp. 8. As Amazon explained in its opening brief (Mot. 14-16), the *Taylor* court held that the relator pled causation with particularity because the complaint specifically identified: (1) defendants' false statements; (2) the false information defendants gave Customs brokers; and (3) the time and place of the false statements, including each port of entry. 2024 WL 307791, at *6-8. Plaintiffs' SAC, by contrast, pleads none of these things. And Plaintiffs do not even mention *Univ. Loft Co.* There, the relators alleged that the defendants specifically instructed employees to mislabel items and submit false information. *See* Mot. 15-16. Again, Plaintiffs allege no such things here, nor could they.

### C. Amazon's Provision of Fulfillment Services Does Not Constitute Avoidance Under the False Claims Act.

Plaintiffs argue that Amazon is liable under the False Claims Act because it "avoided" an obligation to pay money to the United States. Opp. 15-17. But Plaintiffs do not allege how *Amazon* "avoided" the tariffs and inspection fees *third-party sellers* owed. Plaintiffs do not allege Amazon instructed third-party sellers how to avoid their obligations, or supplied the false information sellers used on their Customs Declarations. And they do not allege Amazon played a role in importing third-party sellers' goods, or had any legal obligation to verify that sellers complied with import laws. Nor do they allege facts plausibly suggesting that Amazon stood to benefit from third-party sellers avoiding their obligations. To the contrary, Plaintiffs' allegations (as well as their prior exhibits) show these sellers' conduct was independent of Amazon. SAC ¶¶ 35-38, 59, 66-77;

ECF No. 37, Exs. 29-31. These allegations fail to satisfy even Rule 8(a)'s plausibility standard, let alone the particularity requirements of Rule 9(b).[4]

The core of Plaintiffs' claim is that Amazon is liable for providing arms-length fulfillment services to third-party sellers, who themselves avoided an obligation. Opp. 15-17; SAC ¶ 84. But more is required to plead a valid avoidance claim. *See, e.g.*, *Amazon Servs.*, 2024 WL 3546385, at *7; *U.S. ex rel. Heesch v. Diagnostic Physicians Grp., P.C.*, 2014 WL 2154241, at *9-10 (S.D. Ala. May 22, 2014) (dismissing where government had "not identified the specific false statement or record that was made to knowingly conceal or decrease an obligation"); *Kane ex rel. U.S. v. Healthfirst, Inc.*, 120 F. Supp. 3d 370, 394 (S.D.N.Y. 2015) (to state avoidance claim, defendant must be "put on notice of a potential issue," be "legally obligated to address it, and do[] nothing").[5]

Further, the cases Plaintiffs cite to argue Amazon "avoided" the tariffs third-party sellers owed, Opp. 15-17, are distinguishable. Each case involved false statements or misrepresentations *by the defendants* that led the third parties to avoid liabilities. In *United States v. Caremark, Inc.*, Caremark's false statements caused state Medicaid agencies to avoid a payment obligation. 634 F.3d 808, 816-17 (5th Cir. 2011). In *U.S. ex rel. Garbe v. Kmart Corp.*, Kmart misrepresented its usual and customary prices for certain prescriptions, which in turn caused others to submit inflated claims. 73 F. Supp. 3d 1002, 1012 (S.D. Ill. 2014). And in *U.S. ex rel. Wallace v. Exactech Inc.*, Exactech concealed its product failures and told surgeons its product was safe, thus preventing the surgeons from learning they had submitted false claims and had incurred repayment obligations.

---

[4] Plaintiffs incorrectly argue their avoidance claim is not subject to Rule 9(b). Opp. 15. But the Second Circuit has affirmatively held that "Rule 9(b)'s heightened pleading standard applies to reverse false claims." *U.S. ex rel. Foreman v. AECOM*, 19 F.4th 85, 119 (2d Cir. 2021).

[5] Plaintiffs attempt to distinguish the latter cases by arguing they involved a "failure to return money," whereas this case involves the avoidance of an obligation in the first place. Opp. 17. But under either scenario, the plaintiff must plead some affirmative conduct causing the avoidance.

9

2020 WL 4500493, at *21 (N.D. Ala. Aug. 5, 2020). By contrast, Plaintiffs do not allege Amazon did anything to cause the third-party sellers to avoid their own independent legal obligations.

      **D.**      **Plaintiffs Fail To Allege A False Claims Act Conspiracy Claim.**

Plaintiffs offer two theories in a perfunctory defense of their "conspiracy" claim. Both fail. First, Plaintiffs argue that they have pled an unlawful "agreement" based on a "tacit understanding" that Amazon "knew that as long as it continued [providing services]," its alleged coconspirators "would continue manufacturing and distributing" through Amazon. Opp. 19. But Plaintiffs do not support this argument with any citations to their SAC, because no such allegations exist. *See* Mot. 22-23. The SAC includes only conclusory allegations that Amazon "manifested its [purported] agreement" by providing these sellers the same services it provides *all* third-party sellers. SAC ¶ 87. Merely citing to Amazon's provision of lawful services is not enough to plead an unlawful agreement. *See Ruotolo v. Fannie Mae*, 933 F. Supp. 2d 512, 520 (S.D.N.Y. 2013) (plaintiff must plead more than just "facts that would be merely consistent with an agreement) (cleaned up); *U.S. ex rel. Compton v. Circle B. Enters., Inc.*, 2011 WL 382758, at *4 (M.D. Ga. Feb. 3, 2011)) (same).

Plaintiffs also fail to plead that Amazon engaged in overt acts in furtherance of the conspiracy—that Amazon took any action *specific* to the alleged coconspirators, or *in furtherance* of those coconspirators' alleged fraud. Mot. 23. Plaintiffs rely again on the conclusory allegation that Amazon made services generally available to all third-party sellers. Opp. 20 (citing SAC ¶ 60). Amazon's provision of lawful fulfillment services on standard arms-length terms is not evidence that Amazon took acts in furtherance of the alleged conspiracy. *See U.S. ex rel. Laystock v. Forest Lab'ys Inc.*, 55 F. Supp. 3d 210, 221 (D. Mass. 2014) (dismissing where plaintiff failed to allege any facts showing overt acts in furtherance of conspiracy).

## CONCLUSION

The Court should dismiss Plaintiffs' Second Amended Complaint with prejudice.

Respectfully submitted,

/s/ James E. Howard
James E. Howard, *pro hac vice*
Erwin Reschke, *pro hac vice*
DAVIS WRIGHT TREMAINE LLP

920 Fifth Avenue, Suite 3300
Seattle, WA 98104
Tel: (206) 757-8064
jimhoward@dwt.com
erwinreschke@dwt.com

Sarah Anne Baugh
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Tel: (206) 757-8335
sarabaugh@dwt.com

David M. Gossett, *pro hac vice*
DAVIS WRIGHT TREMAINE LLP
1301 K Street NW, Ste. 500 East
Washington, DC 20005
Tel: (202) 973-4216
davidgossett@dwt.com

Glen Donath, *pro hac vice forthcoming*
Steve Nickelsburg, *pro hac vice forthcoming*
CLIFFORD CHANCE US LLP
2001 K Street N.W.
Washington, D.C. 20006
Tel: (202) 912-5138
glen.donath@cliffordchance.com
Steve.nickelsburg@cliffordchance.com

Sanaz Payandeh, *appearance forthcoming*
CLIFFORD CHANCE US LLP
Two Manhattan West
375 9th Avenue
New York, NY 1001
Tel: (212) 878-8076
sanaz.payandeh@cliffordchance.com

*Attorneys for Defendants Amazon.com, Inc.,*
*Amazon Fulfillment Services, Inc., and Amazon Services, LLC*

Dated: August 9, 2024