

920 Fifth Avenue
Suite 3300
Seattle, WA 98104

**James E. Howard**
(206) 757-8336 tel
jimhoward@dwt.com

November 8, 2024

**By ECF**

**MEMO ENDORSED**
at page 4

The Honorable Edgardo Ramos
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 619
New York, NY 10007

Re:     *United States ex rel. Henig v. Amazon.com, Inc.*, Case No. 1:19-cv-05673-ER,
        Pre-Motion Conference

Dear Judge Ramos:

We write as counsel to defendants Amazon.com, Inc., Amazon Fulfillment Services, Inc., and Amazon.com Services, LLC (collectively, Amazon) pursuant to Rule 2.A.i of Your Honor's Individual Practices, and Local Civil Rule 37.2, to request an informal conference in connection with Amazon's anticipated motion to stay discovery under Fed. R. Civ. P. 26. This stay is necessary because Amazon's motion to dismiss pursuant to Fed. R. Civ. P. 8(a), 9(b), and 12(b)(6) is pending before the Court, *see* ECF. No. 70, but relators have nevertheless sought to commence discovery.

**Summary of Amazon's Pending Motion to Dismiss**

On October 16, 2023, the United States declined to intervene in Plaintiffs-Relators' case under the False Claims Act. *See* ECF No. 26. Plaintiffs have twice amended their complaint, and in their Second Amended Complaint (SAC) now allege that Amazon bears responsibility for the false statements made on customs forms and declarations by third party entities who import, list, and offer their products for sale in the Amazon.com store (Third-Party Sellers). Plaintiffs make their fraud-based claim against Amazon even though these Third-Party Sellers sold goods on the Amazon.com online store *after* the import process was complete and *after* their alleged false statements were made.[1]

Given the barebones and speculative allegations in Plaintiffs' SAC, Amazon filed its Motion to Dismiss, along with a supporting Memorandum of Law, on May 31, 2024, *see* ECF Nos. 70, 71. Amazon argued that dismissal is appropriate because:

(1) Plaintiffs failed to plead with the particularity required by Rule 9(b) how Amazon caused Third-Party Sellers to make any false statements. In particular, Plaintiffs never alleged Amazon controlled Third-Party Sellers, served as their importer of record, acted as their customs agent, or directed Third-Party Sellers to make false claims. ECF No. 71 at 12–16.

(2) Plaintiffs failed to allege how Amazon avoided any obligation that it—as opposed to Third-Party Sellers—owed to the government. *Id.* at 17.

(3) Plaintiffs failed to allege, as required by Rule 9(b), specific facts supporting the necessary

---

[1] Plaintiffs originally named these Third-Party Sellers as defendants in this litigation. *See* ECF No. 25. Plaintiffs have since dismissed them. *See* ECF Nos. 37, 63.

November 8, 2024
Page 2

strong inference of fraudulent intent. Instead, they made conclusory allegations purportedly showing an attenuated chain of knowledge regarding what hypothetical Amazon employees might have seen when processing shipments in Amazon's warehouses. *Id* at 17–20.

(4) Plaintiffs failed to allege Amazon acted with deliberate ignorance or reckless disregard: They failed to plead any facts showing that Amazon was aware of a substantial and unjustifiable risk that Third-Party Sellers were making false statements. *Id*. at 21–22.

(5) Plaintiffs failed to allege a valid conspiracy claim under the FCA because they alleged neither an agreement between Amazon and Third-Party Sellers, nor that Amazon took any overt act in furtherance of the alleged conspiracy. *Id*. at 22–23.

Plaintiffs filed their Memorandum of Law in Opposition on July 15, 2024, ECF No. 75, and Amazon filed its Reply Memorandum on August 9, 2024. ECF No. 76.

**Plaintiffs' Discovery Requests and Amazon's Request for Stay**

Plaintiffs served Amazon with Requests for Production and Interrogatories on October 18, 2024. In response, Amazon informed Plaintiffs' counsel that it believed discovery should be stayed pending this Court's ruling on Amazon's Motion to Dismiss. The parties met and conferred over Zoom on October 24, 2024, regarding Amazon's position. Plaintiffs informed Amazon that they did not agree to stipulate to an indefinite stay of discovery. Accordingly, the parties agreed that Amazon would request leave to file a motion for a stay. On November 7, 2024, Plaintiffs stipulated to an extension of Amazon's time to respond or object to discovery by 60 days, to January 17, 2024, to allow the Court to rule on Amazon's motion to stay.

**Discovery Stay Requirements**

"[U]pon a showing of good cause a district court has considerable discretion to stay discovery pursuant to Fed. R. Civ. P. 26(c)." *Hong Leong Finance Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013). "In some circumstances, a pending motion to dismiss may constitute 'good cause' for a protective order staying discovery." *Id*. In determining whether to grant a stay, courts consider: (1) the breadth of discovery sought; (2) any prejudice that would result; and (3) the strength of the motion to dismiss. *Id*. Here, all three factors favor a stay, as Amazon's motion briefing will demonstrate.

*Breadth of Discovery Sought*

Plaintiffs' requests for production and interrogatories are incredibly broad, and responding to them would impose a heavy burden on Amazon. Many of Plaintiffs' requests for production seek "All Documents and Communications" related to broad categories of subject matter—such as "*any* U.S. Fish and Wildlife Service fees or U.S. customs duties or tariffs, charged, paid, calculated, levied or billed in connection with any Wildlife Product and Furs … Received, stored, or distributed … through Amazon.com." Plaintiffs' interrogatories are no different, requiring, for example, that Amazon identify "all Third-Party Sellers that stored … Distributed … or sold on Amazon.com… any Wildlife Products or goods comprised of or containing Furs imported into the United States." Responding to these requests would require that Amazon search for and review countless documents related to fur sales by third party sellers dating back at least to January 1, 2012. Consequently, the first factor weighs in favor of a stay. *Lu v. Cheer Holdings, Inc.*, 2024 WL 1718821, at *4 (S.D.N.Y. 2024) (breadth factor favored stay where discovery requests required defendant to identify "each communication"); *Hertz Global Holdings, Inc. v. Nat. Union Fire Ins.*

November 8, 2024
Page 3

*Co. of Pittsburgh*, 2020 WL 6642188, at *1 (S.D.N.Y. 2020) (same where discovery sought "all documents and communications" regarding "ten broad categories of documents").

<u>Prejudice to Plaintiffs</u>

Plaintiffs will suffer no prejudice if discovery is stayed. Amazon's "motion to dismiss is fully briefed, so any consequent stay is likely to be short-lived." *Mortgage Resolution Servicing, LLC v. JPMorgan Chase Bank, N.A.*, 2016 WL 3906712, at *7 (S.D.N.Y. 2016). And this Court has recognized that "[a] stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue." *Spencer Trask Software and Information Servs., LLC v. RPost Intern. Ltd.*, 206 F.R.D. 367 (S.D.N.Y. 2002). Accordingly, the second factor also weighs in favor of a stay.

<u>Strength of Amazon's Motion to Dismiss</u>

A stay is appropriate if a motion to dismiss raises "substantial arguments" for dismissal. *Hong Leong Finance*, 297 F.R.D. at 72-73. A stay is appropriate here.

*First*, the fact that Amazon seeks dismissal under Rule 9(b) strongly supports a stay. One of the primary purposes of Rule 9(b) is to discourage the filing of complaints as a pretext for discovery of unknown wrongs. *Wood ex rel. U.S. v. Applied Rsch. Assoc's*, 328 F. App'x 744, 748 (2d Cir. 2009). For this reason, courts routinely grant stays—and in particular, do so in False Claims Act cases—when there is a pending motion to dismiss under Rule 9(b). *See, e.g.*, *U.S. ex rel. Modglin v. DJO Global Inc.*, 2014 WL 12564275, at *2 (C.D. Cal. 2014) (collecting cases). This important policy rationale applies here: The United States declined to intervene; Plaintiffs have since *twice* amended their complaint; and they now attempt to use broad discovery to search for unknown wrongs to buttress their inadequate pleadings.

*Second,* Amazon's motion to dismiss raises multiple "substantial arguments" as to why Plaintiffs have failed adequately to plead their claims under the False Claims Act with the particularity required by Rule 8(a), let alone by Rule 9(b). The SAC fails to allege with particularity how Amazon caused Third-Party Sellers to make any alleged false statements, or how Amazon had the requisite scienter. Plaintiffs do not allege Amazon directed Third-Party Sellers to falsify customs forms or avoid designated ports, that Amazon provided false information, or that Amazon submitted false claims for these sellers. *See* ECF Nos. 71 at 12-16, 76 at 5-8.

Plaintiffs' attenuated theory that Amazon somehow caused Third-Party Sellers to submit false claims by making its fulfillment services generally available has also already been rejected by the D.C. Circuit. *See Amazon Servs. LLC v. U.S. Dep't. of Agric.*, 109 F.4th 573, 579-80 (D.C. Cir. 2024). Moreover, neither Plaintiffs' circumstantial evidence of Amazon's supposed knowledge, nor its generalized allegations of Amazon's supposed motive and intent, suffice to plead scienter. ECF Nos. 71 at 17-22, 76 at 1-5. Likewise, Plaintiffs' failure to plead an underlying violation of the False Claims Act dooms their conspiracy claim, as does their failure to allege that Amazon ever entered to an agreement with Third-Party Sellers to submit false claims or took any overt act in furtherance of the alleged conspiracy. ECF Nos. 71 at 22-24, 76 at 10.

Accordingly, we request a pre-motion conference in anticipation of our expected Motion to Stay Discovery. We are grateful for the Court's attention to this matter.

November 8, 2024
Page 4

Respectfully submitted,

Davis Wright Tremaine LLP


/s/ James Howard
James E. Howard
David Gossett
Sarah Anne Baugh
Erwin Reschke

cc:    Counsel of record (via ECF)

Plaintiffs-Relators are directed to respond by November 19, 2024.  A telephonic pre-motion conference is scheduled for November 22, 2024, at 11 am. The parties are instructed to call (877) 411-9748 and enter access code 3029857# when prompted.

SO ORDERED.

Edgardo Ramos, U.S.D.J.
Dated: November 12, 2024
New York, New York